**In re George HENRETTY, Debtor.**

**No. 11–11127–TPA.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 11, 2011.

George Henretty, Meadville, PA, pro se.

### *MEMORANDUM ORDER*

THOMAS P. AGRESTI, Chief Judge.

On July 7, 2011, the Debtor, George Henretty, acting *pro se*, filed a voluntary Chapter 7 Petition, along with an ***Application for Waiver of Chapter 7 Filing Fee*** ("Application").[1] Based on the information contained in the Schedules accompanying the Petition, it was clear that the Debtor was not entitled to the relief requested in the *Application* so the Court denied it in an Order dated July 18, 2011 (Doc. No. 9). On July 25, 2011, the Debtor filed a letter containing new information about his ex-

---

1. 28 U.S.C. § 1930(f) is implemented via Fed. R.Bankr.P. 1006(c) which provides that a voluntary Chapter 7 Petition, filed by an individual, shall be accepted for filing if accompanied by an application for waiver of the filing fee. The Debtor's petition was therefore properly filed.

penses that are relevant to the *Application*. The Court will treat this letter as a ***Motion for Reconsideration*** ("Motion") of the July 18th Order, and based on the new information provided, the Motion will be granted for the reasons which follow.[2]

■ Generally, bankruptcy petitions must be accompanied by the required filing fee. However, pursuant to 28 U.S.C. § 1930(f) the Court has the authority to waive Chapter 7 filing fees in certain circumstances. Courts interpreting Section 1930(f) have set forth the following two-prong analysis that provides a foundation for a court's review of any request for a filing fee waiver in a Chapter 7 case.

> The statute [28 U.S.C.1930(f)], therefore, sets forth a two prong test for determining when the Court can waive the Chapter 7 filing fee under 28 U.S.C. § 1930(f)(1). The first prong of the test requires the Court to compare the debtors' total combined monthly income to 150% of the poverty guidelines published by the United States Department of Health and Human Services applicable to a family of the size involved. If the debtors' total combined monthly income is less than 150% of the poverty guidelines, the Court moves to the second prong, which requires a determination of whether the debtors are unable to pay the filing fee in installments.

*In re Phillips*, 375 B.R. 201, 204–205 (Bankr.W.D.Va.2007). The first prong of the test is thus an objective or quantitative one, which is easily determined by reference to the poverty guidelines and the Debtor's schedules. Conversely, the second prong is a more subjective one, based upon the totality of the circumstances of the specific debtor.

The first prong of the test is clearly met in the present case. The Debtor listed his income on Schedule I as $884 per month with a household consisting of one person. Pursuant to the guidelines published by the United States Department of Health and Human Services applicable to a one-person family, on a monthly basis, 150% of the poverty line is equal to $1,361.25. Therefore, the Debtor meets the objective part of the two-prong test because his income is less than 150% of the poverty guideline. Having made this finding, the Court must move to the second prong of the test and determine whether the Debtor is unable to pay the filing fee even if the option of installment payments is allowed.

■ When considering the second prong of the test for waiving a filing fee, "debtors have the burden of establishing that under the totality of the circumstances they are unable to pay the applicable fee." *Phillips, supra.* "The totality of the circumstances test is applied on a case-by-case basis." *In re Stickney*, 370 B.R. 31, 40 (Bankr.D.N.H.2007). In this regard, the *Stickney* court referenced seven, non-exclusive factors that may be considered in determining a debtor's ability to pay: (1) discrepancies between a debtor's application and schedules based upon a review of those documents and the debtor's testimony and other pleadings; (2) collateral sources of income from family or friends from which the filing fee may be paid; (3) excessive or unreasonable expenses that could be directed to the payment of the filing fee; (4) whether the debtor agreed to pay a portion of the debtor's attorney's fee after the filing of the case; (5) whether the debtor has any property from which the filing fee could be paid; (6) the debtor's historical spending of disposable income; and, (7) whether the

---

**2.** The Court's jurisdiction under 28 U.S.C. §§ 157 and 1334 was not at issue. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

debtor's current or anticipated income or expenses are the result of temporary or extraordinary circumstances. *See Stickney*, 370 B.R. at 31.

■ In applying the "totality of the circumstances" standard, the Court must also be sensitive to certain policy concerns. The statutory fees which are collected at the time of filing are necessary for the administration of the bankruptcy courts and the cases pending within the bankruptcy court system. The collected fees are divided among the U.S. Trustee System Fund, the Judiciary, the private trustee assigned to the Chapter 7 case, and the general fund of the U.S. Treasury.[3] Because of the heavy reliance on filing fees to self-fund the bankruptcy system, thereby alleviating or greatly reducing the need for taxpayer funding, strong public policy considerations weigh in favor of requiring that debtors pay filing fees in all instances except when they clearly meet the statutory criteria for a waiver.[4]

In originally reviewing the *Application*, the Court noted that the Debtor listed his expenses on Schedule J at "zero" dollars ($0.00), ostensibly providing him with a monthly net income of $884. Relying on the accuracy of this information, to which the Debtor had certified, the Court determined that the Debtor possessed disposable income of $884 per month, more than sufficient to pay the filing fee of $299. Consequently, the Court issued the *July 18th Order* denying the *Application* but, so as to lighten its burden, permitting that payment to be made in four equal installments of $74.75.

■ The *Motion* sets forth monthly expenses of the Debtor that should have been included on the Debtor's Schedule J. These expenses total $746.88 and appear to be necessary and reasonable living expenses. That leaves the Debtor with a net monthly income of only $137.12.[5] There is no indication of any other property or source that might be able to pay the fee

---

**3.** *See generally*, Congressional Budget Office Cost Estimate of the Deficit Reduction Act of 2005–(Pub.L. 109–171, 120 Stat. 4, enacted February 8, 2006), http://www.cbo.gov/ftpdocs/70xx/doc7028/s1932conf.pdf. The most recently enacted *Bankruptcy Court Miscellaneous Fee Schedule*, effective May, 19, 2011, as promulgated by the Judicial Conference of the United States and derived directly from the statutory language of 28 U.S.C. § 1930, directs that filing fees "must" be paid and collected, without allowance for any waiver, for certification or reproduction of documents, reopening of cases when closed without a discharge and conversion of a Chapter 12 or 13 case to a Chapter 7, as well as a "notice" of the same. In all other instances, waiver of the filing fee is subject to certain exceptions that are very specific and require a showing of "good cause" to obtain a waiver, further reflecting that, as a matter of policy, the bankruptcy system is intended to be a "pay as it goes" system. *See also, e.g., In re Bradshaw*, 349 B.R. 511 (Bankr.E.D.Tenn. 2006) (since waiver of filing fee would result in lack of compensation to the Ch. 7 Trustee,

court would not take request for waiver lightly.)

**4.** Apparently because of similar policy concerns, prior to enactment of *Section 1930(f)* as part of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, bankruptcy courts lacked any authority to allow for a waiver of the petition filing fee. *See Stickney* at 35. The only available option was to allow for installment payments of the filing fee. Nevertheless, even with the passage of *Section 1930(f)*, the limited statutory authority to waive such fees coupled with the enabling procedures prescribed and published by the Judicial Conference of the United States regarding fee waivers, make clear that the reviewing court should remain mindful of the above referenced policy concerns in determining the waiver issue.

**5.** Debtor notes that this balance of $137.12 does not include "unexpected monthly expenses, entertainment [and] gas in vehicle", so in all probability his actual net monthly income is even lower than the figure given.

for the Debtors. Based upon this newly-provided information, the Court finds that the Debtor lacks the ability to pay the filing fee even in installments and therefore he has sustained his burden of proof to obtain a waiver of the Chapter 7 filing fees. However, the Debtor will be required to properly amend his Schedule J so that it conforms to the additional information provided in the *Motion.*

*AND NOW,* this *11th* day of *August, 2011,* for the foregoing reasons it is hereby *ORDERED, ADJUDGED and DECREED* that:

(1) The Debtor's *Motion for Reconsideration* is *GRANTED.*

(2) The *Order* dated July 18, 2011, at Document No. 9, is hereby *VACATED.*

(3) The Debtor's *Application for Waiver of Chapter 7 Filing Fee* is *GRANTED* and the Debtor will not be required to pay the filing fee for his Chapter 7 petition.

(4) *On or before August 29, 2011,* the Debtor shall file an *Amended Schedule J* which includes the expenses alleged in the Debtor's *Motion for Reconsideration* filed at Document No. 13. Although a filing fee of $26 is normally required in order to file an amended schedule, in light of the foregoing findings, and assuming the *Amended Schedule J* is timely filed, the Court will waive the required filing fee. In the event the *Amended Schedule J* is not timely filed, the case will be dismissed without further hearing or notice.